*760 OPINION.
GREen:
In 1894 the petitioner and his cousin, Ernest Donner, formed a partnership for the manufacture and sale of hatters’ fur. This partnership existed until March 15,1920, when the two individuals conveyed all the assets to a corporation with the same name, and became the sole stockholders in the corporation. The corporation continued in business until December 31,1921, when it was liquidated and the stockholders re-formed a partnership. The business of the corporation and the partnership was, at all times, the same. During the year 1921, the corporation sustained a net loss in the amount of $26,948.86, which the petitioner is seeking to have deducted from the partnership income for the subsequent year.
The pertinent net loss provisions of the Eevenue Act of 1921 are as follows:
Seo. 204. (a) That as used in this section the terra “net loss” means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer * * *.
(b) If for any taxable year beginning after December 31, 1920, it appears from the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; * ⅜ *
(c) The benefit of this section shall be allowed to the members of a partnership * * *.
*761 The loss which the petitioner is here seeking to have deducted in computing the net income of the partnership for the year 1922, is a net loss sustained by a corporation, the assets of which were transferred in liquidation to its stockholders, who thereupon contributed such assets to a partnership composed of the individuals who had previously held the stock of the corporation. Section 2(9) reads as follows:
The term “ taxpayer " includes any person, trust or estate subject to a tax imposed by this Act.
In subparagraph (1) of the same section appears the following definition:
The term “ person ” includes partnerships and corporations, as well as individuals.
It thus appears that by statute the corporation is a separate taxable entity, and it is a matter of common knowledge that the scheme adopted by Congress in levying income and excess-profits taxes contemplates its taxation as such. The corporation, although its stock was owned by the individuals who formed the partnership which took over the business, was a separate and distinct taxable entity. It, and not its stockholders, was the taxpayer. Here, as in Marry J. Gutman, 7 B. T. A. 500, “ We are asked in this proceeding to disregard the corporate entity and hold that the petitioner was in fact a part owner of the business and that the business carried on by the corporation was his business to the extent of his stockholdings.” In that case, we declined to allow a stockholder to reduce his income by his share of the net loss of the corporation, and our ruling here must be the same.

Judgment will be entered for the respondent.